**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00989-CV

## FELIX A. AUZ, Appellant

## V.

## MARIO CISNEROS, Appellee

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-18908**

## C O N C U R R I N G   O P I N I O N

I join the majority opinion's determination that the attorney's fees award must be reversed only because the supporting affidavit offers a global recitation of categories of tasks performed and the total number of hours expended. The affidavit does not allocate specific hours to specific tasks, as required under *Long v. Griffin*, 442 S.W.3d 253, 254-55 (Tex. 2014) (per curiam); *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam); and *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

I join reluctantly because reversal here seems like an unduly formalistic result in a simple case involving a simple commercial dispute requiring a modest expenditure of 30 attorney hours to obtain a favorable judgment. By no measure is the requested fee disproportionate to the result. The situation here does not resemble the extreme and abusive scenarios presented in other cases in which attorneys seeking fees failed to allocate more than 600 hours of attorney time as in *Long*; failed to allocate more than 1,300 hours of attorney time as in *City of Laredo*; and failed to allocate more than 800 hours of attorney time as in *El Apple I, Ltd*. Having opted to invoke the lodestar method for computing attorney's fees, appellee Cisneros nonetheless must satisfy that method's requirements as set forth in *El Apple I, Ltd.* and its progeny. *See City of Laredo*, 414 S.W.3d at 736. Among other things, that means allocating specific hours to specific tasks.

The supreme court has allowed some flexibility in requiring documentation for "the simplest cases," a category that certainly captures this contract dispute between Auz and Cisneros. *See El Apple I, Ltd.*, 370 S.W.3d at 763. It could be argued that similar flexibility is appropriate when addressing a failure to allocate not very many hours to not very many specific tasks in "the simplest cases." I do not read *Long*, *City of Laredo*, and *El Apple I, Ltd*. to leave room for such a discussion. Allocation always is required under these decisions when the lodestar method is invoked, even in "the simplest cases" involving a modest number of hours.


/s/     William J. Boyce
         Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Frost, C. J., majority) (McCally, J. joins both the Majority Opinion and the Concurring opinion).