No. 14-15-00270-CV

IN THE FOURTEENTH COURT OF APPEALS
FOR THE STATE OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON. TEXAS

SEP 14 2015

CHRISTOPHER A. PRINE
CLERK

OSAIGBOVO NEHIKHARE, Appellant

V.

CREEKSIDE COMMUNITY, ASSOCIATION, Appellee

On Appeal From The 113th District Court

Harris county, Texas

Trial court cause No.2014-39356

MOTION FOR REHEARING

OSAIGBOVO NEHIKHARE
21126 BEAR RUN LN
KATY TX, 77449
(832) 689-6706
Osaigbovo@gmail.com

1

# IDENTITY OF PARTIES AND COUSEL

**Appellant:**

OsaigbovoNehikhare
21126 Bear Run Lane
Katy, TX 77449

**Appellee:**

Creekside community Association, Inc

**Counsel for Appellee**

Holt &young
821 Katy Freeway,
Houston, TX 77024
Telephone: (713) 510-1000

# TABLE OF CONTENTS

                                                **PAGE**

1   STATEMENT OF CASE...................................................................1

2   IDENTITY OF PARTIES AND COUSEL........................................2

3   TABLE OF CONTENTS.................................................................3

4   TABLE OF AUTHORITIES............................................................4

5   STATEMENT OF CASE.................................................................5

6  STATEMENT OF FACTS............................................................5-6

8  ARGUMENTS..........................................................................6-8

9  CONCLUSION..............................................................................9

# TABLE OF AUTHORITIES

1) . El Apple I. Ltd v. Olivas, 370 S.W.3d 757 (Tex. 2012).

2) [No.14-0637, W. VA, filed April 13, 2015]

3) FDCPA section 807 [15 U.S.C. section 1692e]

## STATEMENT OF CASE

By this motion for rehearing, Appellant Mr. Nehikhare ask this court to review and overturn the decision of the 13th Judicial District Court, which granted Appellee Creek Community Association (Association) a foreclosure sale order. Rehearing is appropriate in this matter because the district court entered a foreclosure sale order without regard to critical evidence, which is, Appellant's own testimony which would have proved that Appellant did make payments of the dues, but Appellee refused to accept payment. The aforementioned fact is dispositive to the court's decision. For that reason, Appellant urge this Court to consider the following argument with care. Please I will like to also say I did not receive any mail regarding sending my brief.

## STATEMENT OF FACTS

Mr. Nehikhare, Owner of 21126 Bear Run Lane, Katy, Texas, on December 2007 attended a yearly meeting by the Association to discuss budget and how fees are being spent to maintain the community. Other members of the Association were present in this meeting. In said meeting, issues were raised on the Association's failure to maintain the aesthetic nature and common area of the community. Community members expressed concern and grievance regarding four issues:

1) that the entrance to the community was not maintained; 2) the community park landscape was not taken care of, which resulted to overgrown weed and grass in the park); 3) the community name entrance was never erected; and 4) the community park which was promised to be built was never constructed.

At the end of the meeting, property owners agreed to withhold quarterly dues until the Association resolved the aforementioned issues. Hence, from January of 2008 to 2011 quarterly dues were not paid as agreed by property owners. Association then decided to sue each member for payment. Mr. Nehikhare was sued for $2,357.75 for the 2008-2011 dues. The district court awarded judgment for said amount, plus interest at the rate of 5% per annum, and for attorney fees

5

in the amount of $3,622.40. Mr. Nehikhare diligently contacted the Association to make arrangement to begin making payments. Mr. Nehikhare asked for a monthly payment plan, but was denied by the Association. The Association asked that payment being made in full within 6 months. However, Mr. Nehikhare could not make the said payment within the allotted time being a full time student with other obligations and during said period, Mr. Nehikhare was experiencing extreme financial hardship.

On March 3, 2014, Mr. Nehikhare made full payment of the awarded dues of $6,320. On March 13, 2014, Mr. Nehikhare tendered his quarterly dues to the Association for 2012 and 2013, however, the Association refused to accept the dues stating that Mr. Nehikhare had to speak to their attorneys regarding the payments. Mr. Nehikhare agreed to make payments, but was told he had to pay attorney fees for 2012 and 2013. Mr. Nehikhare objected to such request, arguing that it was preposterous for him to pay attorney fees for 2012 and 2013 since this matter was never taken to court, hence, he didn't understand why he had to pay attorney fees. However, the Association did accept payment for 2015, but then decided to institute a lawsuit to collect payment for 2012 through 2014. Mr. Nehikhare never refused to make such payments, but only objected to pay attorney fees for 2012 and 2013 because a lawsuit was not instituted to collect fees for the aforementioned years.

**ARGUMENTS**

The trial court's judgment is contrary to what the Texas Supreme Court has ruled that a plaintiff wanting an award of attorney's fees in a contingent fee case must keep time records to prove its reasonable and necessary attorney fees; and further, the fees must be reasonable. El Apple I. Ltd v. Olivas, 370 S.W.3d 757 (Tex. 2012). The court further made it clear that if attorney fees are to be collected, time record must be kept and it must be in comparison to the amount recovered. Association claimed that he had accrued attorney fees in the amount of $3,622.40. However, Association did not institute any lawsuit to collect the dues for 2012 and 2013. Hence, Association has not proved how the attorney fees were accrued. The claim for unpaid dues that Association initiated against Mr. Nehikhare was for the dues owed from 2008-2011, which Mr. Nehikhare did eventually pay off.

6

In Fleet v. Webber Springs Owners Association, Inc. [No.14-0637, W. VA, filed April 13, 2015], regarding the issue of attorney fees, the homeowners argued that even if Webber Springs held a valid consensual lien for unpaid assessments, it did not have a common law lien for attorney fees and costs. The homeowner supported their argument by invoking the provisions of the West Virginia Consumer Credit and Protection Act (WVCCPA) governing debt collection practices. The homeowners argued that the state trial court erred in ruling that the West Virginia Act did not apply. The West Virginia Supreme Court agreed with the homeowner that the state trial court "erred in granting partial summary judgment in favor of Webber Springs based upon its erroneous conclusion that the WVCCPA was not applicable." Similarly, under the FDCPA section 807 [15 U.S.C. section 1692e], "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Association's bylaw does permit Association to collect reasonable attorney fees but only when an action is brought against the owner to collect any delinquent fee. Here, even though the bylaw stipulates that Association may collect interest and attorney fees for delinquent fees, it only permits such fees if an action was instituted. Again, the fees from 2012, 2013 and 2014 which Association claims Mr. Nehikhare owes attorney fees was not sought after via litigation. Mr. Nehikhare did offer on several occasions to make payment for the aforementioned years, but Association declined to receive the dues. Association made false representation to collect attorney fees in connection with the dues owed for 2012, 2013 and 2014. Mr. Nehikharemade effort to make payment, however, Association refused to accept the dues.

Mr. Nehikhare does not contend the fees for 2012, 2013 and 2014, but he argues that the attorney fees should not be included in the amount because Association has not shown how the attorney fees were accrued since a lawsuit was not instituted to collect the amount owed. Also, it is unreasonable and egregious for the Association to include such fees since Mr. Nehikhare

did tender payment, but the Association refused to accept the payment at that time.

Mr. Nehikhare agrees that neither him nor the other homeowners had the right to withhold dues, although they were of the belief that they had a rightful position to do so because Association did not fulfill its obligation to maintain the common areas in the community. Association failed to meet its obligation under the bylaws; it breached its covenant to maintain the common areas and also breached its fiduciary duty to exercise ordinary care in reasonable and good faith manner in the performance of its duties. Nevertheless, Mr. Nehikhare was in error to withhold dues. Mr. Nehikhare was not aware that the proper remedy was to institute a lawsuit against Association for breach of covenant and breach of fiduciary duty, rather than withhold dues. Hence, Mr. Nehikhare is willing to make payments, but not subject to attorney fees since the Association has not shown or proved how they accrued attorney fees because a claim was never made to recover the dues of 2012, 2013 and 2014.

## CONCLUSION

The district court erred in entering a foreclosure sale order without hearing critical evidence of

Appellant's own testimony, hence, a rehearing should be granted.

NB I did not receive any mail regarding
Sending in my brief.

COURT RECIECVE DATE:

APPELLANT

PRINT NAME: SIGN: