

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00234-CV

———————————————————

IN THE ESTATE OF JENNIE M. STOKES, DECEASED

On Appeal from the Probate Court
Denton County, Texas
Trial Court No. PR-2009-00220-02

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Plaintiff–Appellee Mayrita J. Roberts Hillman sued multiple defendants for conspiring to obtain her elderly mother's property, adding as a defendant Appellee Clark W. Brazil, M.D., the medical doctor who had long cared for her mother, Jennie M. Stokes. Hillman filed no chapter 74 expert report under the Texas Medical Liability Act (TMLA),[1] nor did Dr. Brazil move to dismiss on that basis after 120 days had passed without an expert report, as the statute allowed him to do.[2] Instead, Dr. Brazil participated in merits discovery for some 18 months before moving to dismiss on the ground that Hillman had in reality lodged a healthcare-liability claim against him despite her artful pleadings and thus an expert report was required but had not been timely provided.[3]

The trial court denied Dr. Brazil's motion to dismiss, but we reversed and rendered in part, holding that Hillman's claims against him should be dismissed with

---

[1]Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001–.507.

[2]Hillman sued Dr. Brazil in February 2012, and he answered the lawsuit a month later, in March. Under chapter 74, Hillman then had 120 days to file an expert report after Dr. Brazil responded to the lawsuit, or until July 2012. *See id.* § 74.351(a). Although Dr. Brazil could have moved for dismissal under section 74.351 after the 120-day period came and went without an expert report, he did not do so until October 2013.

[3]Dr. Brazil asserted that he could not tell that a healthcare-liability claim was involved until Hillman was deposed by one of his codefendants and he began to research the TMLA expert-report issue after hearing Hillman testify. Even so, more than two months passed before Dr. Brazil moved to dismiss; in the interim, his lawyer attended six more depositions, including Dr. Brazil's.

prejudice under TMLA section 74.351(b)(2). *See Brazil v. Hillman*, No. 02-13-00441-CV, 2014 WL 4770722, at *5 (Tex. App.—Fort Worth Sept. 25, 2014, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). We remanded only for the trial court to decide how much Dr. Brazil should recover in statutorily mandated "reasonable attorney's fees and costs of court incurred," as section 74.351(b)(1) provides. *See Brazil*, 2014 WL 4770722, at *5; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1).

On remand, the trial court conducted a three-day bench trial on the issue of attorney's fees. Almost all the fee testimony was from each side's expert. One issue that was disputed throughout the trial was whether the lodestar method[4] applied to the entire attorney's-fee award under section 74.351. Relying on the lodestar method, Dr. Brazil presented evidence and testimony from his expert and trial counsel, both of whom opined that Dr. Brazil had incurred over $100,000 in attorney's fees. In contrast, Hillman's expert testified that because of TMLA section 74.351(s)'s discovery-restricting provisions, applying the lodestar method to Dr. Brazil's attorney's fees as a whole was "mixing apples and oranges" and that the reasonable and necessary amount of attorney's fees that Dr. Brazil had incurred and that were recoverable was $38,796.88. The attorney's-fee trial also included much back and

---

[4]By convention, the lodestar method involves multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

forth over whether Dr. Brazil should recover "reasonable" fees—the statutory language—as opposed to fees that were "reasonable and necessary."[5]

At the trial's conclusion, the trial court ruled from the bench that Dr. Brazil should recover $44,335.[6] The trial court then entered findings of fact and conclusions of law that referred in passing to the *Arthur Andersen* factors used to determine the reasonableness and necessity of attorney's fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (op. on reh'g) (setting out eight factors used to adjust a base lodestar rate up or down). The trial court's findings and conclusions did not specifically address the lodestar method, nor did they tether the trial court's unilateral decision to add $6,000 to the fee award to any facts or legal analysis.

The Texas Supreme Court has recently provided new guidance to litigants and courts on how to assess attorney's fees in cases involving a fee-shifting statute or

---

[5]It was the opinion of Dr. Brazil's expert, for example, that his task was to determine reasonable and necessary fees, wholly apart from TMLA section 74.351(b)(1)'s use of the single word "reasonable." Maintaining a distinction between the two concepts continued through Dr. Brazil's appellate briefing in which he noted, for example, that "the attorney's fees provisions of the TMLA do[] not require that the fees be both reasonable and necessary, but rather, only reasonable."

[6]The trial court relied largely on Hillman's expert's opinion but subtracted, without explanation, the $461.88 in court costs for Hillman's deposition that her expert had approved. Then, from the bench the trial court added an extra $6,000 in attorney's fees for reasons it did not explain, saying only that "the breakdown on that [$44,335] is $21,335, which is an additional 20 hours of time [that is, $6,000] for [Dr. Brazil's attorney] that [Hillman's expert] did not allow that the Court does allow. The [$]20,000 for the appeal and, in addition, the [$]3,000 for the [Hillman] deposition, which comes to a total of $44,335."

4

contract. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, No. 16-0006, 2019 WL 1873428, at \*8–26 (Tex. Apr. 26, 2019). There, the supreme court recognized that "Texas law has developed with references to the *Arthur Andersen* method (sometimes referred to as the 'traditional' method) and the lodestar method for proving the reasonableness and necessity of attorney's fees." *Id.* at \*13. But despite the different terminology—which Texas courts have long kept separate—the supreme court clarified that "the lodestar method developed as a 'short hand version' of the *Arthur Andersen* factors and was never intended to be a separate test or method." *Id.* Moreover, *Rohrmoos Venture* also instructs that "reasonable" fees are the same as "reasonable and necessary" fees, observing that the distinction between the two phrasings is "immaterial." *Id.* at \*12. "When a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Id.* The elements of both "reasonableness" and "necessity" are "questions of fact to be determined by the fact finder and act as limits on the amount of fees that a prevailing party can shift to the non-prevailing party." *Id.*

Because this recent supreme court authority has materially affected and provided guidance to central questions in the underlying trial for attorney's fees here,[7]

---

[7]We recognize that while perhaps the ultimate question might be whether and to what extent Dr. Brazil can recover fees associated with merits discovery, our disposition here does not require or even permit us to resolve that question at this point; the parties—and this court—first need the trial court to reconsider and determine Dr. Brazil's "reasonable attorney's fees and costs of court incurred," as section 74.351(b)(1) provides, in light of *Rohrmoos Venture. See In re H.B.*, No. 2-06-

we reverse the judgment and remand the case for another trial to determine an appropriate award to Dr. Brazil on his claim for fees. *See Toledo v. KBMT Operating Co., LLC*, No. 09-17-00265-CV, 2019 WL 2455270, at \*1, \*6 (Tex. App.—Beaumont June 13, 2019, no pet. h.) (reversing and remanding judgment for attorney's fees in light of "the Texas Supreme Court's recent clarification in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*").

Accordingly, we reverse and remand for a new trial.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: August 28, 2019

---

102-CV, 2006 WL 3438193, at \*2 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op. on reh'g) ("Courts are not authorized to render advisory opinions on issues not necessary to a disposition of an appeal.").