**Opinion issued August 24, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00545-CV

————————————

**QJD PEKING DUCK RESTAURANT, INC. AND LONG GAO, Appellants**

**V.**

**TCP SPECTRUM PARTNERS, LTD, Appellee**

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1176920

## MEMORANDUM OPINION

TCP Spectrum Partners, Ltd. ("Spectrum Partners") sued QJD Peking Duck Restaurant, Inc. ("Peking Duck") and Long Gao for breach of a commercial lease and breach of a guaranty, respectively. The trial court entered judgment in favor of

Spectrum Partners awarding $62,632.63 in actual damages, $18,722.60 in trial attorney's fees, and a total of $100,000 in conditional appellate attorney's fees.

On appeal, Peking Duck and Gao argue that the trial court erred by awarding attorney's fees. Appellants contend that the testimony about attorney's fees was conclusory, and therefore there was no evidence that the attorney's fees were reasonable and necessary.

We affirm.

## Background

Spectrum Partners, landlord, sued Peking Duck and Gao, as tenant and guarantor, respectively, for breach of a commercial lease. The trial court entered default judgment against Peking Duck, and it held a bench trial on the breach of guaranty claim against Gao. The court admitted Spectrum Partners's 21 exhibits without objection. Two witnesses testified: Robert Neely, the president of Spectrum Partners, who testified about the lease, the guaranty, mitigation of damages, and the amount owed; and Stacey Kremling, counsel for Spectrum Partners, who testified about attorney's fees.[*]

Kremling testified about her education and experience and that of her co-counsel. She testified that she was an associate attorney, and that her billable rate was $250 per hour, while her supervising law partner charged $350 per hour, and a

---

[*] Counsel for appellants asked no questions and made no objections during the bench trial.

more junior associate attorney charged $200 per hour. She said that she was familiar with the standard rates charged by attorneys in the Houston and Harris County area "for a claim and cause of action of this type and size." She also testified that she was familiar with the reasonable and customary attorney's fees charged for similar services as those she and her co-counsel provided in the trial court and for any appeal that may be taken from the judgment. She testified that she had performed over 72 hours of work, and she directed the court's attention to the billing invoices that were admitted into evidence. Kremling testified that the invoices accurately detailed the services that they performed, which included:

(1)    Communicating with the client;

(2)    Reviewing relevant documents;

(3)    Monitoring the status of actions in case, such as filings, service of process, and court orders;

(4)    Drafting and revising pleadings, motions, discovery, notices, and correspondence;

(5)    Preparing affidavits;

(6)    Participating in teleconferences with the client and with opposing counsel; and

(7)    Preparing for trial.

Kremling testified that the total amount of fees through the bench trial was $18,722.60, and that the services provided were "reasonable and necessary" as well as "customary in the industry for an attorney in [her] position who performed the same or similar services for an effective prosecution" of the case. As to conditional appellate attorney's fees, Kremling testified, without objection:

3

I am familiar with the process of an appeal, handling a case on appeal to the court of appeals. I am familiar with the standard rates of attorneys in the Houston, Harris County, Texas area for handling a case of this type and size that's been appealed to the court of appeals. And my opinion as to the reasonable and necessary attorney's fees in researching, preparing, and drafting a brief and presenting this case on appeal to the court of appeals would be $30,000.

I'm also familiar with the process of handling a case that has been appealed to the Texas Supreme Court. I'm familiar with the standard rates of attorneys in [the] Houston, Harris County area for handling a case of this type and size that has been appealed to the Texas Supreme Court. It's my opinion that the reasonable and necessary attorney's fees for researching, preparing, and drafting a brief in the event a petition for review is filed with the Supreme Court is an additional $20,000 in attorney's fees.

And it's my opinion that reasonable and necessary attorney's fees in presenting this case to the Supreme Court, in the event a petition for review is granted by the Supreme Court, is an additional $30,000 in attorney's fees. And it's also my opinion that in the event oral arguments are presented to the Supreme Court, it's my opinion that the reasonable and necessary attorney's fees in representing [sic] oral arguments to the Supreme Court would total an additional $20,000 in attorney's fees.

And all of these amounts are reasonable and necessary and customary in the industry for trial and appeal and appeal to the Supreme Court in a case of this type and size in [the] Houston, Harris County area.

The trial court entered judgment in favor of Spectrum Partners awarding $62,632.63 in actual damages, $18,722.60 in trial attorney's fees, and a total of $100,000 in conditional attorney's fees, in accordance with Kremling's testimony. The trial court also awarded Spectrum Partners pre- and post-judgment interest and court costs.

4

Peking Duck and Gao appealed.

## Analysis

Peking Duck and Gao raise a single issue on appeal, arguing that the trial court abused its discretion by awarding attorney's fees when there was no evidence demonstrating that the fees awarded were reasonable and necessary. Spectrum Partners maintains that Kremling's testimony and the invoices are sufficient evidence of reasonable and necessary attorney's fees.

## I.     Standard of review

A party who prevails on a claim based on an oral or written contract generally may recover attorney's fees. TEX. CIV. PRAC. & REM. CODE § 38.001(8). We review a trial court's award of attorney's fees for an abuse of discretion. *Hsu v. Conterra Servs., LLC*, No. 01-20-00182-CV, 2021 WL 921672, at *5 (Tex. App.—Houston [1st Dist.] Mar. 11, 2021, no pet.) (mem. op.); *Kubbernus v. ECAL Partners*, 574 S.W.3d 444, 486 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

"When reviewing a trial court's award of attorneys' fees, we must ensure the record contains sufficient evidence to support such an award." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019) (concluding the record lacked sufficient evidence to support the trial court's award of attorneys'

fees)). "The party seeking attorneys' fees bears the burden of proof and must supply enough facts to support the reasonableness of the amount awarded. *Id.* at 354 (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)). Evidentiary sufficiency issues are not independent grounds and instead are factors relevant to assessing whether the trial court abused its discretion. *See id.*; *Hsu*, 2021 WL 921672, at *5.

## II.     Attorney's fees

### A.     *Rohrmoos* governs trial attorney's fees.

The Texas Supreme Court has held an amount of attorney's fees calculated using the base lodestar method is presumptively reasonable and necessary. *See Rohrmoos*, 578 S.W.3d at 499. To arrive at this figure, an attorney's fee movant must present evidence of the reasonable hours spent by its counsel and its counsel's reasonable hourly billing rate. *Id.* at 498. To be sufficient, this evidence must at a minimum include proof of:

- the particular services performed;
- the identity of the person who performed these services;
- an approximation as to when these services were performed;
- the reasonable amount of time required to perform these services; and
- the reasonable hourly rate of the person performing them.

*Id.*

6

The resulting computation of reasonable hours multiplied by counsel's reasonable hourly billing rate is the presumptively reasonable and necessary "base lodestar figure." *Id.* at 499.

**B.     *Yowell* governs conditional appellate attorney's fees.**

The lodestar analysis does not, however, apply to an award of contingent appellate attorney's fees. *Yowell*, 620 S.W.3d at 355. The lodestar analysis applies only to situations "in which an objective calculation of reasonable hours worked . . . can be employed." *Id.* (quoting *Rohrmoos*, 578 S.W.3d at 498). When a trial court awards contingent appellate attorney's fees, an appeal is hypothetical and no fees have been incurred. *Id.* At that point in litigation, "[t]here is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues the appellant chooses to raise." *Id.* Instead of supplying evidence relevant to the lodestar analysis, a party seeking an award of contingent appellate attorney's fees must provide expert opinion testimony "about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*

**C.     Courts of appeals apply *Yowell* to determine whether evidence provides enough detail about services to be rendered on appeal.**

Since *Yowell*, we and our sister courts of appeals have reversed awards of contingent appellate attorney's fees when the evidence did not address the services

to be rendered on appeal or simply stated a lump-sum fee amount for appeal to the court of appeals or to the Texas Supreme Court. *See, e.g.*, *Mendell v. Scott*, No. 01-20-00578-CV, 2023 WL 4712050, at \*20 (Tex. App.—Houston [1st Dist.] July 25, 2023, no pet. h.) (mem. op.) (expert testimony did not address services to be rendered on appeal, state reasonable hourly fee for those services, or state total amount sought); *Jones-Hospod v. Hospod*, No. 08-22-00066-CV, 2023 WL 4559379, at \*10–11 (Tex. App.—El Paso July 17, 2023, no pet. h.) (mem. op.) (in case transferred from Third Court of Appeals, expert opinion testimony did not "touch on" both appellate hourly rate and necessary services to be provided on appeal, only stated lump-sum fee amount for representation on appeal); *Rice v. Rice*, No. 02-21-00413-CV, 2023 WL 109817, at \*30 (Tex. App.—Fort Worth Jan. 5, 2023, no pet.) (mem. op.) (testimony included only attorney's billing rate and bare opinion that lump-sum fee amount was reasonable and necessary for representation on appeal); *Wells Fargo Bank, N.A. v. Rodriguez*, No. 02-21-00155-CV, 2022 WL 803839, at \*5 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.) (mem. op.) (testimony included only attorney's bare opinion that lump-sum fee amount was reasonable and necessary for representation on appeal); *Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 WL 317641, at \*5–6 (Tex. App.—Amarillo Jan. 29, 2021, no pet.) (mem. op.) (evidence did not include estimate of hours required or description of work needed to defend appeal).

The courts of appeals in Dallas, El Paso, and Austin have differed in their conclusions when the evidence consisted of testimony about the lawyer's hourly rate and a lump-sum fee amount for specific stages of appeal. *See Lakeway Psychiatry & Behav. Health, PLLC v. Brite*, 656 S.W.3d 621, 639–40 (Tex. App.—El Paso 2022, no pet.); *Eichhorn v. Eichhorn*, No. 03-20-00382-CV, 2022 WL 1591709, at *14–15 (Tex. App.—Austin May 20, 2022, no pet.) (mem. op.); *Ruff v. Ruff*, No. 05-21-00157-CV, 2022 WL 420353, at *11 (Tex. App.—Dallas Feb. 11, 2022, pet. denied) (mem. op.). The El Paso and Austin appellate courts held that evidence of hourly rates combined with lump-sum fee amounts for specific stages of appeal—such as briefing or representation in the intermediate appellate court, filing or responding to a petition for review, merits briefing in the Texas Supreme Court, and oral argument—was sufficient to satisfy *Yowell* because the evidence allowed the trial court to infer what specific services would be necessary on appeal. *See Lakeway Psychiatry*, 656 S.W.3d at 639–40; *Eichhorn*, 2022 WL 1591709, at *14–15. The Dallas Court of Appeals, however, found similar evidence to be insufficient to satisfy *Yowell* because it did not specify the services to be rendered. *See Ruff*, 2022 WL 420353, at *11.

This fact pattern has not yet been considered by our Court. *See Mendell*, 2023 WL 4712050, at *20 (demonstrative exhibit that may have shown fees for specific stages of appeal was not admitted into evidence); *Walsh v. Gonzalez*, No.

01-21-00729-CV, 2023 WL 4110851, at *11–12 (Tex. App.—Houston [1st Dist.] June 22, 2023, no pet.) (mem. op.) (expert testified only that attorney's fees on appeal would be approximately $10,000 for appeal to appellate court and $10,000 for appeal to Texas supreme court but did not testify about fees for specific stages of appeal); *Siana Oil & Gas Co. LLC v. White Oak Operating Co., LLC*, No. 01-21-00721-CV, 2022 WL 17981572, at *15 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (mem. op.) (uncontroverted evidence of attorney's experience, representation of client, fees incurred by client in prior appeal, and opinion of reasonable and customary charge was sufficient to support appellate attorney's fees, but evidence did not include breakdown of fees for specific stages of appeal).

## III. Spectrum Partners's evidence was sufficient.

Here, Spectrum Partners presented Kremling's testimony and the contemporaneous billing invoices that were admitted at trial. Kremling testified about her education and experience, her hourly rate and that of her colleagues, and the number of hours she worked on the case. The invoices provided detail about the particular services performed, the identity of the person who performed the services, when the services were performed, and how much time was spent on them. This evidence was uncontroverted. We hold that the trial court did not abuse its discretion by awarding trial attorney's fees. *See Rohrmoos*, 578 S.W.3d at 499.

As for appellate attorney's fees, Kremling had already testified about her hourly billing rate and that of her colleagues as well as her familiarity with standard rates of attorneys for appellate work in the Houston and Harris County geographical area. She also addressed the specific services that would be necessary to defend an appeal. She gave her opinion of a reasonable fee for "researching, preparing, and drafting a brief and presenting this case on appeal to the court of appeals." She also offered an opinion on reasonable fees in the Texas Supreme Court for "researching, preparing, and drafting a brief" upon the filing and granting of a petition for review for oral argument. Kremling's testimony provided lump-sum fee amounts pertaining to various stages of appeal using language that provides some information about the types of services that would necessarily be rendered, such as responding to petition for review or presenting oral argument. Her testimony also touched on the specific services that would be necessary to defend the appeal by stating that some of the fees were for "researching, preparing, and drafting a brief" in the court of appeals or the Supreme Court. We conclude that this uncontroverted evidence is sufficient to support the trial court's award of contingent appellate attorney's fees to Spectrum Partners.

We overrule the appellants' sole issue.

11

**Conclusion**

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.