# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40309
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2025

Lyle W. Cayce
Clerk

LUXOTTICA OF AMERICA, INCORPORATED,

*Plaintiff—Appellee*,

*versus*

BRAVE OPTICAL, INCORPORATED; JEFFREY GRAY; DAWN GRAY,

*Defendants—Appellants*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-244

———————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendants-Appellants Brave Optical, Incorporated, Jeffrey Gray, and Dawn Gray (the Brave parties) appeal a fee award entered in favor of Plaintiff-Appellee Luxottica of America, Incorporated (Luxottica). We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40309

In 2022, Luxottica sued the Brave parties under the Lanham Act and certain non-compete covenants and licensing agreements. The Brave parties responded with four counterclaims. After a bench trial, the district judge ruled that the parties should take nothing, with one exception. It found Luxottica was entitled to enforce its covenants and agreements, so entered a one-year injunction and ordered a fee award on that single count. This appeal concerns the propriety of the fee award.

We start with the governing law of Texas.[1] It provides that fees cannot be recovered "unless authorized by statute or contract."[2] Where a mixture of fee-recoverable and nonrecoverable claims are present in a case, fee claimants must segregate the fees attributable to each of these categories.[3] In rare cases, discrete legal services (like voir dire) may advance both sorts of claims and be so "inextricably intertwined" as to make segregation impracticable.[4] Legal services that perform such "double service" are fully recoverable, though a district court retains discretion to adjust them.[5]

---

[1] *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (holding state law controls award and reasonableness of fee where, as here, it "supplies the rule of decision").

[2] *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006).

[3] *See id.* at 311 ("[F]ee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not.").

[4] *See id.* at 313.

[5] *Id.* ("[T]hey are not disallowed simply because they do double service."); *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 346–47 (5th Cir. 2021) (stating as to double-service claims that a court may "'allocat[e] as a percentage of total fees the amount that likely would have been incurred even if the unrecoverable claims were not in the case,' 'instead of requiring burdensome retrospective itemizations by claim.'" (quoting *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2016 WL 1588312, at *4 (S.D. Tex. Apr. 20, 2016) (Costa, J. sitting by designation))).

No. 25-40309

Caselaw supports two methods of segregation: the percentage-allocation method and "retrospective itemization[] by claim."[6] The itemization-by-claim method requires lawyers to review each task performed on a claim-by-claim basis and calculate the portion of work that advanced the recoverable claim. But lawyers don't typically track time on a claim-by-claim basis, so this method is "burdensome."[7] Recognizing this, courts have allowed attorneys to use the percentage-allocation method, with a general opinion "allocating as a percentage of total fees the amount that likely would have been incurred even if the unrecoverable claims were not in the case."[8]

Luxottica applied for fees on January 24, 2024, and attached a declaration from Luxottica's lead counsel, Britta Erin Stanton.[9] There, Stanton explained that two law firms—Lynn Pinker Hurst & Schwegmann, LLP (LPHS) and Calhoun, Bhella & Sechrest, LLP (CBS)—represented Luxottica in state and federal court on the successful claim. In seeking fees, Stanton reviewed the firms' time entries, which were attached to the application. Stanton excluded from those time entries work that was unrelated to the recoverable claim, duplicative, or administrative. After that segregation, the entries that remained either advanced the successful claim (recoverable fees) or did "double service" by advancing the successful claim as well as others (inextricably intertwined fees), according to Stanton.[10]

---

[6] *Bear Ranch*, 2016 WL 1588312 at *4; *see also Tony Gullo*, 212 S.W.3d at 313.

[7] *Bear Ranch*, 2016 WL 1588312 at *4.

[8] *Id.*; *see also Hillegeist Fam. Enter. v. Hillegeist*, 667 S.W.3d 349, 357 (Tex. App.—Houston [1st Dist.] 2022); *Tony Gullo*, 212 S.W.3d at 314, 314 n.83.

[9] The time sheets identify and describe task-based work performed by various lawyers and staff, the amount of time dedicated to each task, and each person's respective billing rates.

[10] *Tony Gullo*, 212 S.W.3d at 313.

While she averred that both categories of fees were fully recoverable, Stanton discounted the inextricably intertwined fees by 50–75% "as a matter of equity." She also opined that Luxottica would incur $25,560 for the fee application itself, for a total of $391,914.42. The Brave parties opposed the application and responded with a declaration from their lead counsel, Catherine Gaither. She disputed specific entries in the firms' billings, urged the court to discount the so-called inextricably intertwined fees by 75–90%, and argued that $10,000 was sufficient compensation for the fee application.

The district court first addressed the fees Luxottica presented that advanced just the recoverable claim, which it calculated to be $96,307.50. Because the Brave parties did not challenge these "undisputed" fees, the district court awarded them to Luxottica without further analysis. It also awarded the full amount requested for the fee application, $25,560. On appeal, the Brave parties don't take issue with these rulings. We agree that these fees were properly awarded.

The court then turned to the heart of this dispute—the fees that were, in the court's words, "intertwined" among recoverable and nonrecoverable claims. The court rejected Luxottica's argument that these fees were inextricably intertwined and, thus, fully recoverable. Instead, it viewed the fees as intertwined, but segregable, and treated Luxottica's equitable discount as a means of segregation. The court then considered the parties' submissions and its own "superior understanding of the case and the factual matters involved"[11] to conclude Luxottica's proposed discount to CBS's intertwined fees was reasonable. But it further discounted LPHS's intertwined fees from the proposed 50% to 65%. In all, it awarded Luxottica

---

[11] *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

$209,546.03 in intertwined fees. The Brave parties admit the court used the correct legal standard, so we review for clear error.[12]

On appeal, the Brave parties offer scattershot arguments that broadly challenge the sufficiency of the evidence for segregating the intertwined fees, as well as the basis for the district court's award. But, aside from mere disagreement with the court's conclusions, the Brave parties have not shown the findings were the result of clear error.[13]

The Brave parties also argue that Luxottica did not segregate fees under the "burdensome" itemization-by-claim methodology.[14] In their telling, and as to each task reflected in the firms' bills, Luxottica was required to present a witness who could prove the precise amount of work attributable to the recoverable claim. But they offer no legal authority requiring this sort of precision. In fact, as outlined above, Texas courts frequently employ the less rigorous percentage-allocation method.[15] The Brave parties also offer no precedent requiring that attorneys have personal knowledge of each time

---

[12] *See ATOM Instrument Corp. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 216 (5th Cir. 2020), as revised (Sep. 17, 2020) (stating standard of review for an award of fees is for abuse of discretion, meaning "clear error review of fact findings and *de novo* review of legal conclusions").

[13] *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) (stating clear error requires "a definite and firm conviction that a mistake has been committed").

[14] *Bear Ranch*, 2016 WL 1588312 at *4.

[15] *See Tony Gullo*, 212 S.W.3d at 314 ("This standard does not require more precise proof for attorney's fees than for any other claims or expenses."). Texas courts do not appear to favor one method of segregation over the other. Texas law is also unclear as to whether the percentage-allocation method requires courts to apply the percentages to the "total" fee amount only or if it permits courts first to segregate some fees before applying the percentages, as the court did here. The Brave parties do not challenge the procedure used, so we have no occasion to address it.

No. 25-40309

entry before opining as to segregable fees.[16] Finally, the Brave parties argue the district court erred by relying exclusively on its own observations to make findings of fact. But we find no support for this assertion in the record. As noted above, the court engaged with the parties' motions and exhibits as well as its "superior understanding of the case and the factual matters involved" in entering its award.[17] Having found no abuse of discretion, the district court's Order is AFFIRMED.

---

[16] *Cf. Rohrmoos Venture v. UTSW DVA Healthcare*, 578 S.W.3d 469, 503 (Tex. 2019) ("The fact finder will generally not benefit from attorneys cross-examining each other point-by-point on every billable matter.").

[17] *El Apple I*, 370 S.W.3d at 764.