**Opinion issued June 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00704-CV

———————————

**JUAN C. COSSIO, Appellant**

**V.**

**JOSE LUIS DELGADO, Appellee**

---

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 16CV0035

---

## MEMORANDUM OPINION

Jose Luis Delgado sued Juan C. Cossio for failing to provide clear title to a piece of real property he purchased from Cossio. The parties mediated the dispute and entered into a mediated settlement agreement ("MSA"). Cossio failed to honor the MSA, and Delgado amended his petition, seeking to enforce it. The trial court

granted summary judgment in favor of Delgado, ordering Cossio to comply with the terms of the MSA and awarding Delgado his attorney's fees.

In one appellate issue, Cossio challenges the trial court's award of attorney's fees to Delgado. Because Delgado's summary-judgment evidence does not establish conclusively the amount of his reasonable and necessary attorneys' fees, we reverse the trial court's judgment with respect to the award of attorney's fees and remand. The remaining portions of the judgment, which have not been challenged on appeal, are affirmed.

## Background

In 2006, Delgado and Cossio entered into a "Lease with Option to Buy" related to a parcel of real property owned by Cossio and located in Galveston, Texas. Delgado agreed to make a down payment of $26,000 and then make monthly payments to Cossio for five years, totaling $24,000. The contract provided that, once all payments were made, Cossio would provide Delgado with a warranty deed to the property.

Delgado made the down payment. He would later acknowledge that he knew, in 2006, that the property had a lien on it and that Cossio did not have clear title. However, Cossio had assured Delgado that the lien would be paid off and that he would provide Delgado with clear title.

2

After five years, Delgado claimed that he had made all of the required monthly payments to Cossio. He demanded that Cossio provide him with clear title to the property. When title was not provided, Delgado filed declaratory-judgment action to quiet title. Alternatively, Delgado sought specific performance, requiring Cossio to execute a warranty deed. Delgado also requested his attorney's fees. Cossio answered and filed a counterclaim.

The parties mediated the dispute. As a result, the parties signed an MSA in which Delgado agreed to pay for a survey and to have the property replatted. He also agreed to pay Cossio an additional sum for the property. In exchange, Cossio agreed to execute a general warranty deed for the property.

Six months after mediation, Delgado amended his petition. He alleged that he had fully complied with the MSA, but Cossio had "refused to execute the paperwork necessary for the re-plat and has attempted to 're-negotiate' the MSA."

Delgado filed a traditional motion for summary judgment. He asserted that (1) the MSA was binding on the parties; (2) he had performed under the MSA; (3) Cossio had failed to perform; and (4) he was entitled to the remedy of specific performance. Delgado requested that Cossio "be compelled to execute the required conveyance and re-plat documents and pay all of Delgado's attorney's fees to date."

To support his attorney's fees request, Delgado offered the affidavit of his attorney, who testified, in relevant part, as follows:

2.     I was retained by Jose Luis Delgado regarding his purchase of the property at 1308 43rd Street, Galveston, Texas.

3.     I was admitted to practice law in Texas in 1978 and have conducted a general practice for more than 35 years.

4.     As of the date hereof, I have devoted 59.7 hours to this matter. My hourly rate is $300.

5.     Based on my experience and after consideration of the factors listed below, my fee is reasonable:

  • time and labor required
  • novelty and difficulty of questions involved
  • likelihood and other employment was precluded
  • customary fees in Galveston County
  • amount involved and results obtained
  • time limitations imposed by circumstances
  • nature and length of the professional relationship with the client
  • experience, reputation and ability of the lawyer
  • whether the fee was fixed or contingent

6.     In the course of my representation of Delgado, Mr. Cossio has been formally or informally represented by 5 different attorneys.

7.     As of the date hereof, my fee including expenses is $19,321.58.

8.     In the event the final judgment in this case is appealed to the Court of Appellees, my fee will be an additional $5,000. In the event an Application for Writ of Certiorari [sic] is filed with the Texas Supreme Court, my fee is an additional $5,000.

4

Cossio did not timely file a response to the motion for summary judgment.[1]

The trial court granted Delgado's motion. In its final judgment, the trial court ordered Cossio (1) "[to] comply with all terms of the Mediated Settlement Agreement reached in this case"; (2) "[to] execute and deliver to [Delgado] a General Warranty Deed for the property" and (3) "[to] fully execute the application for replat." The trial court also ordered that Delgado recover from Cossio "attorney's fees in the amount of $19,321.58" and "additional attorney's fees in the amount of $5000 in the event of an appeal to the Court of Appeals and $5000 if Writ of Error [sic] is filed with the Supreme Court of Texas."

Cossio filed a motion for new trial, complaining of the trial court's award of attorney's fees to Delgado. He asserted that the evidence Delgado offered in support of the attorney's fees was "not sufficiently specific to support the award of those fees." Cossio made no complaint about any other aspect of the summary judgment.

Cossio's motion for new trial was overruled by operation of law. This appeal followed.

---

[1] Cossio filed an untimely response to the motion for summary judgment on the same day it was set for submission.

5

**Attorney's Fees Award**

In one issue, Cossio challenges the trial court's award of attorney's fees.[2]

## A.      Standard of Review

We review a trial court's grant or denial of summary judgment de novo. *Sw. Bell Tele., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015). To prevail on a traditional motion for summary judgment, the moving party must prove there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). A plaintiff is entitled to summary judgment if he conclusively proves all essential elements of his claim. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

"The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). A motion for summary judgment must stand on its own merits, and the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of

---

[2]      Delgado has not filed an appellee's brief.

law, even if the nonmovant filed no response to the motion. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

### B. Analysis

A party prevailing on a claim for breach of contract may recover reasonable attorney's fees, provided the fees are properly proven. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015). Because this case was decided on summary judgment, Delgado was entitled to his attorney's fees only if his summary-judgment evidence conclusively established the amount of the fees. *See Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

On appeal, Cossio does not challenge the portions of the summary judgment awarding Delgado specific performance of the MSA, nor does Cossio challenge Delgado's right to recover attorney's fees related to that award. *See Boyaki v. John M. O'Quinn Assocs., PLLC*, No. 01–12–00984–CV, 2014 WL 4855021, at *13–14 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, pet. denied) (mem. op.) (holding that judgment requiring specific performance of material contract right in Rule 11 agreement is award of value sufficient to support attorney's fees award under Texas Civil Practice and Remedies Code section 38.001(8)). Instead, Cossio

7

challenges the trial court's award of $19,321.58 in attorney's fees on the ground that Delgado did not conclusively establish that the fees were reasonable and necessary. More precisely, Cossio contends that the summary-judgment evidence on attorney's fees did not satisfy the proof requirements required to recovery of attorney's fees calculated using the lodestar method.

"Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *Id.* (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). "The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995)). One other step remains, permitting the trial court to adjust the lodestar up or down utilizing the *Arthur Andersen* factors.[3] *Id.* at 761 (citing, inter alia, *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

---

[3]  The *Arthur Andersen* factors are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the articular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship

Here, Delgado offered the affidavit of his lawyer to support his requested attorney's fees. In his affidavit, the attorney stated that he had "devoted 59.7 hours to this matter" and that his "hourly rate is $300." He stated that his "fee including expenses is $19,321.58." The attorney's reference to his hourly rate, total number of hours worked, and the total amount of fees incurred indicate that he used the lodestar method to calculate the requested attorney's fees. *See Felix v. Prosperity Bank*, No. 01–14–00997–CV, 2015 WL 9242048, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 17, 2015, no pet.) (mem. op.) (applying *El Apple* requirements when attorneys seeking fees in connection with claim for breach of contract presented evidence of their hourly rates).

At minimum, the lodestar method requires evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *El Apple I, Ltd.*, 370 S.W.3d at 764. "[W]ithout any evidence of the time spent on specific tasks, the trial court ha[s] insufficient information to meaningfully review the fee request." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014); *see Helms v. Swansen*, 12–14–00280–CV, 2016 WL 1730737, at *6 (Tex. App.—Tyler Apr. 29, 2016, pet. denied) (mem. op.) (explaining that party must provide evidence "sufficiently specific to

with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

9

allow the factfinder to determine the amount of time spent on a particular task and to decide whether that length of time was reasonable").

In his affidavit, Delgado's attorney stated that he had been in "general practice for more than 35 years." He averred that his hourly rate was $300 and that he had "devoted 59.7 hours to this matter." He stated that the total amount of fees incurred, including his expenses, was $19,321.58. The attorney listed the *Andersen* factors to support his assertion that his fee "is reasonable." However, the affidavit does not list the types of tasks that he performed or the time he spent on any specific tasks. Thus, the attorney's affidavit offers only generalities relating to Delgado's attorney's fees, and it lacks the specificity required by the supreme court to support the lodestar method of calculation. *See Long*, 442 S.W.3d at 255.

Although it does provide some evidence that Delgado incurred attorney's fees, the affidavit is not conclusive proof that an award of $19,321.58 is reasonable and necessary. *See Felix*, 2015 WL 9242048, at *4. Without any evidence of time spent on specific tasks, the trial court could not meaningfully review the requested fee. *See Universal MRI*, 497 S.W.3d at 665.

Cossio also challenges the trial court's award of appellate attorney's fees. In the final judgment, the trial court awarded "additional attorney's fees in the amount of $5000 in the event of an appeal to the Court of Appeals and $5000 if Writ of Error is filed with the Supreme Court of Texas."

10

In his affidavit, Delgado's attorney stated that "[i]n the event the final judgment in this case is appealed to the Court of Appeals, my fee will be an additional $5,000. In the event an Application for Writ of Certiorari [sic] is filed with the Texas Supreme Court, my fee is an additional $5,000."

The trial court's award of attorney's fees may include appellate attorney's fees. *Keith v. Keith*, 221 S.W.3d 156, 169 (Tex. App.—Houston [1st Dist.] 2006, no pet.). However, there must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees. *Id.*

Here, the attorney's affidavit mentioned the reasonableness of the $19,321.58 in attorney's fees already incurred, but it did not mention the reasonableness of the appellate attorney's fees. While we agree that it may provide some evidence supporting appellate attorney's fees, the attorney's affidavit testimony is not conclusive. *See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010).

Because the summary-judgment evidence fails to establish conclusively the amount of Delgado's reasonable attorneys' fees, both already incurred and on appeal, we reverse the portions of the trial court's judgment awarding Delgado attorney's fees and remand for further proceedings regarding fees. *See Universal MRI*, 497 S.W.3d at 665 (citing *Felix*, 2015 WL 9242048, at *4).

We sustain Cossio's sole issue.

11

## Conclusion

We reverse the trial court's summary judgment with respect to the award of attorney's fees, both already incurred and on appeal, and remand for further proceedings regarding that issue. Because Cossio has raised no other challenges on appeal, we affirm the trial court's summary judgment in all other respects.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Caughey.