**Reversed and Remanded; Memorandum Opinion and Concurring Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00761-CV

---

## KATHERINE MILLIKEN AND CHARLES MULHALL, Appellants

## V.

## LUCY TUROFF, Appellee

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-16699**

---

## M E M O R A N D U M   O P I N I O N

This case under the Uniform Declaratory Judgments Acts (UDJA) is before us on the second time on the issue of attorney's fees. When the issue was first tried, plaintiff's attorney Michael West failed to segregate the fees for services performed in connection with plaintiff Lucy Turoff's successful claim under the UDJA from fees for services on Turoff's other causes of action. We accordingly reversed the fee-award portion of the judgment and remanded the case for further proceeding limited

to the issue of attorney's fees. *Milliken v. Turoff*, No. 14-17-00282-CV, 2018 WL 1802207, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 17, 2018, no pet.) (mem. op.) ("*Milliken I*"). On remand, West offered legally insufficient evidence to support the revised fee award. We accordingly reverse the fee-award portion of the Partially Revised Final Judgment, and we again remand the case to the trial court for further proceedings limited to the issue of Turoff's reasonable and necessary attorney's fees.

## I. FACTS

In this case arising from a boundary dispute between owners of adjoining property, appellee Lucy Turoff tore down a fence on her property and erected a new one closer to the home of appellants Katherine Milliken and Charles Mulhall (the Milliken Parties). Turoff sued the Milliken Parties for trespass, tortious interference with an existing or prospective contract, conspiracy to commit such trespass or tortious interference, negligence, gross negligence, intentional infliction of emotional distress, trespass to try title, and declaratory judgment. *Id.* at \*1. Turoff also sought a temporary restraining order and temporary and permanent injunctions, and the Milliken Parties counterclaimed for declaratory relief. *Id.* Ultimately, the jury was asked to determine only whether the survey on which Turoff relied correctly showed her property's boundaries. *Id.* The jury found that it did. *Id.*

Turoff moved for judgment to include attorney's fees available under the UDJA. *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Turoff's counsel West testified that the fees for all of his services through trial totaled $26,700, but he did not segregate the fees that were recoverable under the UDJA and the fees incurred solely in connection with Turoff's other claims, for which no fee recovery was available. *See Milliken I*, 2018 WL 1802207, at \*2. We accordingly reversed the fee-award

2

portion of the judgment and remanded the case to the trial court on the issue of attorney's fees. *Id.* at *5.

On remand, West testified that he graduated from South Texas College of Law and has been practicing law for twenty-seven years: six years in insurance defense and the most recent twenty-one years in commercial litigation. He stated that his normal rate is $350 per hour, but he agreed to charge Turoff $325 per hour. He further testified that he had reviewed his billing records, and after taking out time attributable to causes of action other than Turoff's UDJA claim, he reduced the amount sought by $7,000; thus, he testified that $19,700 were the reasonable and necessary attorney's fees incurred by Turoff related to her UDJA claim. Finally, he stated that the reasonable and necessary fees for an appeal of this issue to an intermediate appellate court would be $7,000; a further appeal to the Supreme Court of Texas would be an additional $5,000; briefing on the merits to the high court would be a further $3,000; and if oral argument were then required, the fees would be an additional $5,000.

The trial court rendered a Partially Revised Final Judgment, awarding attorney's fees for trial, and conditionally awarding appellate attorney's fees, in the full amount requested. On appeal, Milliken and Mulhall revised their reply brief from *Milliken I* to address the proceedings on remand, but they filed the revised brief in *Milliken I.* Having received no brief in this proceeding, we initially dismissed the appeal for want of prosecution, but Milliken and Mulhall brought the misfiling to our attention through a motion for rehearing. We granted the motion, refiled the revised reply brief as the appellants' brief in this appeal, and now address their challenge to the legal sufficiency of the evidence to support the fees awarded on remand.

## II. STANDARD OF REVIEW

Because a fee award under the UDJA is discretionary, we review the award for abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion in awarding fees under the UDJA if there is insufficient evidence that the fees were reasonable and necessary or if the award is inequitable or unjust. *See id.*

If, as here, no findings of fact or conclusions of law were requested or issued after a nonjury trial, then all findings necessary to support the judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). If a reporter's record is filed on appeal, then implied findings may be challenged for legal sufficiency in the same manner as express findings by a judge or jury. *See id.* When a finding is challenged for legal sufficiency, we review the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.*

## III. ATTORNEY'S FEES

In reviewing the sufficiency of the attorney-fee evidence in this case, the lodestar analysis applies, as it does in "any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).[1] Under the lodestar method, the factfinder begins the attorney-fee calculation

---

[1] Although pro se appellants Milliken and Mulhall did not cite authorities concerning appellate review of attorney-fee awards under the lodestar analysis, they argued in their brief that

by determining the reasonable hours worked multiplied by a reasonable hourly rate. *Id.* "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* Obtaining such evidence requires "itemizing specific tasks" and "the time required for those tasks." *Id.* at 495 (quoting *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam)). The fees incurred or contracted for do not themselves establish reasonableness or necessity. The result of the lodestar calculation, on the other hand, is presumed to represent a reasonable and necessary attorney fee. *Id.* at 501.

In rare circumstances, the lodestar figure may be adjusted upward or downward, but only if specific evidence overcomes the presumption of reasonableness and shows that the adjustment is necessary to achieve a reasonable fee award. *Id.* at 500–01. The lodestar figure may not be adjusted based on considerations that are already inherently subsumed within the lodestar calculation. *Id.* at 500. Considerations that the lodestar calculation already takes into account usually include, at a minimum, "the time and labor required," "the novelty and difficulty of the questions involved," "the skill required to perform the legal service properly," "the fee customarily charged in the locality for similar legal services," "the amount involved," "the experience, reputation, and ability of the lawyer or lawyers performing the services," "whether the fee is fixed or contingent on results

---

the attorney-fee award must be reversed because Turoff failed to meet her burden of proof. To evaluate that argument, we necessarily rely on the binding precedent describing the minimum evidence necessary to meet that burden. *Cf. Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) ("[Appellants] are not required on appeal or at trial to rely on precisely the same case law . . . that we now find persuasive.").

obtained," "the uncertainty of collection before the legal services have been rendered," and "results obtained." *Id.* at 500 (quoting *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (sub. op. on denial of reh'g)).

West's testimony fell far short of the minimum required to support an attorney's-fee award under the lodestar analysis, for he testified only as to his own hourly rate and the total amount he believed represented a reasonable and necessary attorney fee for the work performed on Turoff's claim for declaratory relief. He did not itemize the tasks performed, identify approximately when those tasks were performed, or testify to the time required to perform those specific tasks. He did not identify what work he personally performed versus work performed by others, such as support staff. He could not recall all of the causes of action that were asserted. He admitted that he had billing records, but he did not offer them, or redacted versions of them, as evidence, instead stating that he had not been asked to produce them.

But it was Turoff's burden to provide evidence supporting her request for attorney's fees, and this required her to provide sufficient evidence for the factfinder to meaningfully evaluate the reasonableness and necessity of the fees sought. Although this could conceivably be done through some form other than billing records, the Supreme Court of Texas has repeatedly emphasized that "billing records are *strongly* encouraged to prove the reasonableness and necessity of requested fees," *id.* at 502, because "a party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Charges for duplicative, excessive, or inadequately documented work should be excluded." *Id.* at 762 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Although contemporaneous records would not be

6

available to support a request for a contingent award of appellate attorney's fees, one seeking such an award still must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell v. Granite Operating Co.*, No. 18-0841, 2020 WL 2502141, at *12–14 (Tex. May 15, 2020).

We sustain the sole issue presented.

## IV. CONCLUSION

Testimony about generalities such as an attorney's experience, the total amount of fees, and the reasonableness of the fees, provides insufficient support to survive a challenge to the amount of fees awarded. *See Rohrmoos*, 578 S.W.3d at 497. Because Turoff's attorney testified only to such generalities and to his hourly rate, the evidence is insufficient to support the award of trial attorney's fees and the conditional award of appellate attorney's fees. We accordingly reverse the portions of the judgment awarding attorney's fees and conditionally awarding appellate attorney's fees for an appeal of the fee award. We remand the case to the trial court for further proceeding limited to redetermining Turoff's reasonable and necessary attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson (Wilson, J., concurring).