Opinion filed December 30, 2020



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00045-CV

_____

## HOUSING AUTHORITY OF THE CITY OF STANTON, Appellant

## V.

## MIRANDA ALEXIS BERMEA, Appellee

**On Appeal from the County Court**
**Martin County, Texas**
**Trial Court Cause No. 784**

## M E M O R A N D U M   O P I N I O N

This appeal concerns a dispute over an award of attorney's fees. Appellee, Miranda Bermea, originally brought suit in a justice court against Appellant, the Housing Authority of the City of Stanton, after Appellant locked her out of her apartment because one month's rent had not been paid. Following a bench trial, the justice court rendered judgment for Appellee in the amount of $8,130, which included an award of $6,000 in attorney's fees. Appellant subsequently appealed the

adverse ruling to the county court for a trial de novo. Appellant now appeals from that court's judgment, in which it awarded $9,350 in attorney's fees to Appellee. In its sole issue on appeal, Appellant challenges the amount of the attorney's-fee award and seeks a remittitur of the awarded amount. We affirm.

## I. *Factual Background*

For several months prior to the inception of this case, Appellee, along with her young daughter, resided in an apartment owned by Appellant. On November 21, 2018, the day before Thanksgiving Day, Appellant had the locks to Appellee's apartment changed because Appellee had not made her rent payment for that month. On November 28, 2018, Appellee hired Amber Cohoon, an attorney in Fort Worth, Texas, to file a wrongful lockout suit in a Justice Court of Martin County. Because Appellant appealed the judgment resulting from that litigation, on November 10, 2019, Samuel Johndroe was added as counsel for Appellee to represent her in the subsequent county court proceedings.

At the inception of the bench trial in county court, Appellant stipulated that it had filed an eviction suit against Appellee in November of 2018 for nonpayment of rent; that its lease agreement with Appellee did not include a provision for lockout of a tenant; and that it did not follow the statutory notice requirements for the exclusion of a residential tenant. Evidence adduced at the hearing primarily concerned the amount of attorney's fees previously awarded to Appellee for Cohoon's legal services.

After hearing extensive testimony on the matter of attorney's fees, the trial court awarded Appellee "the sum of $1,984 in civil penalties, less $1,390.16 for sums for which she is liable to [Appellant], for a total of $593.84; plus reasonable attorney's fees in the amount of $9,350, and all taxable costs of court." On appeal,

Appellant asserts that the amount of the attorney's-fee award constituted an abuse of discretion by the trial court.

## II. *Standard of Review*

We review a trial court's award of attorney's fees under an abuse of discretion standard. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles in reaching its ruling, or if its ruling is not supported by the evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

## III. *Analysis*

A prevailing tenant may recover reasonable and necessary attorney's fees from a landlord in an illegal lockout suit. TEX. PROP. CODE ANN. § 92.0081(h)(2) (West 2014); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) ("When a claimant wishes to obtain attorney's fees . . . the claimant must prove that the requested fees are both reasonable *and* necessary." (emphasis added)). Whether the fees requested by a prevailing party are reasonable and necessary are both questions of fact to be determined by the factfinder. *Rohrmoos Venture*, 578 S.W.3d at 498. The lodestar method sets forth a two-step inquiry to ascertain what constitutes reasonable and necessary attorney's fees. *Id.*

First, the factfinder must determine the reasonable hours worked by counsel multiplied by the reasonable hourly rate for counsel's services. *Id.*; *El Apple I*, 370 S.W.3d at 760. At a minimum, the fee claimant's proof of reasonable hours should include "evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture*, 578 S.W.3d at 498. This base lodestar calculation approximates "the reasonable value of legal services

provided" and, when supported by sufficient evidence, is presumed to reflect "the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 498, 499.

Second, because other considerations may justify an enhancement or reduction to the base lodestar figure, the factfinder must determine "whether evidence of those considerations overcomes the presumption and necessitates an adjustment to reach a reasonable fee." *Id.* at 501. This step allows for the enhancement or reduction of the base lodestar figure "when considerations not already accounted for in the first step" establish that the base lodestar figure represents either an unreasonably low or an unreasonably high fee award. *Id.* at 502. "[C]onsiderations already incorporated into the base calculation may not be applied to rebut the presumption that the base calculation reflects reasonable and necessary attorney's fees." *Id.* at 501 (noting that *Arthur Andersen* lists factors "that may justify an adjustment" so long as they are noncumulative of the base-lodestar considerations) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

Here, Appellant argues that the trial court abused its discretion when it awarded Appellee $9,350 in attorney's fees. We note that, although the awarded amount includes Johndroe's fees, Appellant's challenges to the awarded amount, at trial and on appeal, concern only whether the attorney's fees charged by Cohoon were reasonable and necessary. Indeed, Appellant's brief is predominantly comprised of Cohoon's invoices as Appellant submits that the award was "excessive" and "unreasonable." In light of the record before us, we disagree.

Cohoon testified that she worked more than thirty hours on Appellee's case. In November of 2018, when Appellee hired her, Cohoon's hourly rate was $200. In January of 2019, Cohoon's rate increased to $250 an hour; however, Cohoon did not

increase her rate in Appellee's case to $250 until November of 2019, when the new agreement to include Johndroe as counsel for Appellee was signed. Cohoon's travel-time rate was $65 an hour. To avoid travel expenses from Fort Worth to Stanton—approximately a roundtrip of ten hours—Cohoon filed a motion for a telephonic hearing, which the Justice Court denied, because Appellant allegedly would not agree to a telephonic hearing setting. Cohoon further testified that Appellee had called over twenty attorneys in the Martin County area prior to contacting Cohoon and that Cohoon herself made exhaustive efforts to find local counsel for Appellee's case but her efforts were unavailing.

Because "[g]eneral, conclusory testimony devoid of any real substance will not support a fee award," the fee claimant "must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id.* at 501–02. Here, Cohoon's invoices were admitted into evidence by the trial court. Appellant's counsel, Nicole Taylor, cross-examined Cohoon extensively as to the substance of Cohoon's invoices and the time that she dedicated to Appellee's case. On cross-examination, Cohoon testified as to individual items listed on her invoices; she explained her billing system and clarified the itemized descriptions about the work that she performed, how much time she spent on the tasks, and her hourly rate. In fact, Taylor recited the eight *Arthur Andersen* factors for determining attorney's fees and methodically questioned Cohoon as to each consideration. *See* 945 S.W.2d at 818. Thus, in addition to Cohoon's invoices, the record contains express testimony from Cohoon as to the relevant factors the trial court must consider in its attorney's-fee determination under both steps of the lodestar inquiry. *See Rohrmoos Venture*, 578 S.W.3d at 501 (citing *Arthur Andersen*, 945 S.W.2d at 818).

Further, the record establishes, through the trial court's own questions, that the trial court considered the lodestar method of accounting with regard to determining the amount of reasonable and necessary attorney's fees in this case. Because the record contains sufficient evidence to support the amount of attorney's fees awarded in this case, we hold that the trial court did not abuse its discretion.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

December 30, 2020

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.