**Affirmed and Opinion Filed September 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00274-CV**

**MUHAMMAD ASIM SHAMIM AND HAFSA ASIM, Appellants**
**V.**
**CANTERA OWNERS ASSOCIATION, INC., Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-06638-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

Appellants Muhammad Asim Shamim and Hafsa Asim appeal the trial court's

award of attorney's fees to appellee Cantera Owners Association, Inc. (the

Association). Finding no error, we affirm.

## BACKGROUND

The Association is the property owner's association for a planned community

in Richardson, Texas known as Cantera. Properties in the Cantera community are

subject to and governed by the Declaration of Covenants, Conditions, and

Restrictions for Cantera (the Declaration). Pursuant to the Declaration, the

Association levies assessments against property owners in the Cantera community,

including appellants. The assessments are used in part to maintain and improve Cantera "for the common benefit of owners and residents." The assessments are secured by a lien against each property in favor of the Association. Appellants failed to pay the assessments in full to the Association. On June 21, 2019, the Association provided appellants written notice of the delinquency and the Association's intent to pursue collection of the debt. The Association sent appellant a second demand letter on July 22, 2019, that included a copy of the Lien of Delinquent Assessments (the Lien) to be filed against the Property. The Association filed the Lien on August 9, 2019. Appellants did not dispute or cure the default. On November 26, 2019, the Association filed the underlying lawsuit and asserted claims for breach of contract and judicial foreclosure.

As of October 30, 2020, appellants owed the Association $22,657.55. The total due included a balance forward of $874.15, the 2019 and 2020 assessments of $1,800.00 each, various fees and charges, interest, legal fees related to pre-suit collection efforts, and attorney's fees incurred in relation to the underlying litigation. In its November 4, 2020, amended motion for summary judgment, the Association prayed for an order authorizing foreclosure on the Lien, a judgment for all amounts due under the Declaration, and an award of reasonable attorney's fees. The Association primarily sought its fees as part of its foreclosure action as permitted by article 10 of the Declaration and Chapter 209 of the property code. Article 10.6 of the Declaration provides:

> In any foreclosure, the owner is required to pay the Association's costs and expenses for the proceedings, including reasonable attorney's fees, subject to applicable provisions of the Bylaws and applicable law, such as Chapter 209 of the Texas Property Code.

DECLARATION at art. 10.6, Foreclosure of Lien. Chapter 209 of the property code provides a statutory basis for fees in a foreclosure action:

> A property owners' association may collect reimbursement of reasonable attorney's fees and other reasonable costs incurred by the association relating to collecting amounts, including damages, due the association for enforcing restrictions or the bylaws or rules of the association . . . .

TEX. PROP. CODE § 209.008(a). Alternatively, the Association sought fees in relation to its breach of contract action. TEX. PROP. CODE § 5.006 ("court shall allow" the prevailing party to recover reasonable attorney's fees and costs "in an action based on breach of a restrictive covenant pertaining to real property"); TEX. CIV. PRAC. & REM. CODE § 38.001(8) (attorney's fees may be recovered if the claim is for an oral or written contract).

The trial court granted the amended motion, rendered judgment for the Association, and awarded the Association $22,657.55, which included attorney's fees of $17,870.00, and all assessments, late charges, and costs owed by appellants. The judgment does not state under which statute the trial court awarded attorney's fees. The court also awarded the Association conditional appellate fees. This appeal followed. On appeal, appellants challenge only the $17,870.00 award of attorney's fees.

## STANDARD OF REVIEW

We review a trial court's decision to award attorney's fees for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). When reviewing a trial court's award of attorney's fees, we must ensure the record contains sufficient evidence to support such an award. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019) (concluding the record lacked sufficient evidence to support the trial court's award of attorney's fees). The party seeking attorney's fees bears the burden of proof and must supply enough facts to support the reasonableness of the amount awarded. *El Apple I, Ltd.*, 370 S.W.3d at 762–63. If there is insufficient evidence in the record to uphold the trial court's award of those fees, we must reverse. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020).

We review the amount of a fee award for legal sufficiency. *Rohrmoos Venture*, 578 S.W.3d at 490. When reviewing a legal sufficiency challenge, "we must view the evidence in a light that tends to support the disputed finding and disregard evidence and inferences to the contrary." *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (citing *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001)). A legal sufficiency or "no evidence" point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4)

the evidence conclusively establishes the opposite of a vital fact. *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 701–02 (Tex. App.—Dallas 2019, no pet.). Evidence that is no more than a scintilla "in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists when the evidence supporting the finding "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex.2006) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex.2004)). Where, as here, a trial court's order does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *E.g.*, *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017).

## ANALYSIS

Appellants challenge the trial court's award of attorney's fees to the Association. In six issues, appellants assert the trial court abused its discretion by awarding attorney's fees because the Association did not establish entitlement to fees and the fees awarded were not reasonable and necessary.

## I.        Entitlement to fees

In their first three issues, appellants maintain the Association was not entitled to recover its attorney's fees because the Association (1) did not comply with certain procedural requirements to maintain a foreclosure action, (2) did not notify appellants that fees would be charged to them after a date certain, and (3) refused appellants' tender of partial payment for past due assessments.

### A.        Property code requirements to maintain a foreclosure action[1]

Appellants' first issue addresses the Association's entitlement to fees as part of the judicial foreclosure action. According to appellants, the Association was barred from recovering its fees because they failed to follow three legal requirements of a foreclosure action. Appellants initially contend the Association was not permitted to recover attorney's fees in relation to the judicial foreclosure because the Association was in a "defunct status" between March 3, 2019, and February 24, 2020. The record shows the Association involuntarily terminated its certificate of formation on March 18, 2019, and reinstated the certificate effective February 24, 2020. According to appellants, the Association was prohibited from taking any steps to foreclose on the Property during that time and, as a result, any fees incurred during that time are not recoverable. Appellants cite no authority to support this proposition, and we have found none. The property code permits property owners' associations

---

[1] Appellants do not appeal the trial court's determinations that the Association was entitled to judicial foreclosure and judgment in its favor on the breach of contract claim. Appellants only seek reversal of the award of attorney's fees. We, therefore, do not address the merits of the trial court's judgment on liability.

to be incorporated or unincorporated. TEX. PROP. CODE 209.002(7). The Association's unincorporated status between March 2019, and February 2020, did not impede or prohibit its ability to hold meetings, send notices, and seek payment of debts owed. We overrule appellants' first argument.

Appellants next argue the Association did not comply with notice and hearing requirements found in two sections of the property code. *See* TEX. PROP. CODE § 209.0051(e) (requirements for providing notice to association members of regular or special board meetings); TEX. PROP. CODE § 209.008(b) ("An owner is not liable for attorney's fees incurred by the association relating to a matter described by the notice under Section 209.006 if the attorney's fees are incurred before the conclusion of the hearing under Section 209.007 or, if the owner does not request a hearing under that section, before the date by which the owner must request a hearing."). Appellants did not assert these objections in the trial court. They are, therefore, not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a) (for an issue to be preserved for appeal, the party raising the issue must first raise it with the trial court and give the trial court the opportunity to consider and rule on the alleged error). We overrule these arguments and overrule appellants' first issue.

## B.    Notice requirements of TEX. PROP. CODE 209.008

Next, appellants argue the fee award should be reversed because the Association violated section 209.008(a) of the property code by failing to provide appellants with written notice that fees would be charged if the delinquency or

violation continued after a date certain. *See* TEX. PROP. CODE § 209.008(a). Appellants did not raise this argument below, so it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a). We overrule appellants' second issue.

## C. Rejection of partial payment

Finally, appellants argue the Association was not entitled to fees because the Association refused a payment tendered by appellants. The record shows appellants presented a check and money order to the Association in late June 2020. The Association rejected the payment on July 6, 2020, because the amount paid was less than the amount owed at that time. Article 11.9 of the Declaration provides that the Association "may refuse to accept partial payment, i.e., less than the full amount due and payable." Appellants cite no authority to support this argument and fail to explain why the Association must be denied fees for engaging in conduct specifically permitted by the Declaration. Moreover, appellants did not object to the award of fees on this basis in the trial court. Appellants asserted only that the Association's rejection of the payment estopped the Association from foreclosing on the property. Because Appellants did not raise this argument below, it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a). We overrule appellants' third issue.

For the foregoing reasons, we overrule appellants' first, second, and third issues and affirm the trial court's determination the Association was entitled to recover its reasonable attorney's fees. We now turn our attention to appellants' challenge to the amount of fees awarded.

–8–

## II.      Amount of fee award

In their challenge of the reasonableness and necessity of the fees award, appellants argue the trial court erred by awarding fees because (1) genuine issues of material fact remained regarding the reasonableness and necessity of the fees awarded, (2) $17,870 is not a reasonable and necessary fee, and (3) the Association failed to prove $17,870 was a reasonable and necessary fees award. The Association maintains the evidence was sufficient to establish the reasonableness and necessity of the fees awarded. We agree with the Association.

Texas uses the "lodestar method," which is essentially a "short hand version" of the *Arthur Andersen* factors, to determine reasonable and necessary attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 496; *see Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Under the lodestar method, the factfinder must first determine the reasonable hours spent by counsel and the reasonable hourly rate for counsel's work. *El Apple I, Ltd.*, 370 S.W.3d at 760. The factfinder then multiplies the number of hours counsel worked on the case by the applicable rate to determine the base fee or lodestar. *Id.* The base fee is presumed to reflect the reasonable and necessary attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 499. The factfinder may adjust the lodestar up or down if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *Id.* at 500–01.

It is the fee-claimant's burden to provide sufficient evidence of both the reasonable hours worked and the reasonable hourly rate. *Rohrmoos Venture*, 578

–9–

S.W.3d at 498. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each attorney performing the services." *Id.* "General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* at 501. Generalities about tasks performed provide insufficient information for the factfinder to meaningfully review whether the tasks and hours were reasonable and necessary. *El Apple I*, 370 S.W.3d at 764. While contemporaneous billing records are not required, there must be some evidence to inform the trial court of the time spent on specific tasks to enable the factfinder to meaningfully review the requested fees. *Rohrmoos Venture*, 578 S.W.3d at 502; *Long v. Griffin*, 442 S.W.3d 253, 253, 255 (Tex. 2014) (per curiam).

The Association presented the affidavit of its counsel, Lance Erickson, to support its request for attorney's fees. Erickson testified the Association hired Erickson's law firm on June 21, 2019, to collect the debt owed by appellants. Erickson explained he and his firm began collection efforts by providing appellants with written notice of appellants' delinquent account and the Association's intent to collect the debt if not cured by appellants. After appellants did not dispute or cure the debt, Erickson prepared and filed the Lien and notified appellants of the Lien. He and another attorney in his firm, Casey Meyers, prepared and filed the petition for judicial foreclosure. Erickson stated it was necessary to file the judicial

–10–

foreclosure action because appellants had not paid the amounts due. He also explained preparing the petition "was very time consumptive and required a review of the title records as well as an exhaustive review of the entire client file, the Declaration of the Association, and Applicable Texas Law."

Erickson testified he was licensed to practice law on May 5, 2010. Since then, he has "engaged in a practice specializing in commercial, private, individual, business, and home-owners association collections." He also stated he was familiar with the reasonable attorney's fees charged for the same or similar services in Collin County, Texas that were performed on behalf of the Association here and believes charging $300.00 per hour is fair and reasonable. Erickson included his and Meyers' billing records on the case. The billing records consisted of a spreadsheet setting out the services performed, who performed each task, the rates charged, the date of services, and the hours billed by each attorney who worked on the case. The billing records showed he and Meyers billed a total of 59.57 hours to the case during the fourteen-month period between June 21, 2019, and August 26, 2020. He and Meyers charged an hourly rate of $300.00, resulting in a lodestar total of $17,870.00. These fees encompassed services performed beginning with the initial demand letter to appellants and through the August 26, 2020 hearing on the Association's original motion for summary judgment. According to Erickson, those charges were necessary because of appellants' failure to abide by the Declaration and their failure or refusal to pay the sums legitimately charged to their account by the Association. Erickson

–11–

stated he had reviewed the *Arthur Anderson* factors when considering whether the fees charged were reasonable. Based on those factors, Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, and his "years of practice," it was his opinion the amount of $17,870.00 in attorney's fees was reasonable and the work reflected was necessary under the facts of this case.

We conclude Erickson's declaration is sufficient to demonstrate he had personal knowledge of who performed each task, the date that each task was performed, the amount of time spent on each task, the hourly billing rate for each task, and whether the time and rate billed were reasonable and necessary here. Moreover, Erickson's testimony and the admitted billing records meet the standards set forth in *Rohrmoos Venture* and provide legally sufficient evidence to support the fee award. The testimony and exhibits set forth (1) the particular services performed and when performed, (2) the identity of the timekeepers performing the services, (3) the reasonable amount of time required to perform the services, and (4) the reasonable hourly rates for the timekeepers performing those services. Having reviewed the record in the light most favorable to the judgment, we conclude the award of attorney's fees is supported by legally sufficient evidence. *See, e.g., Laws v. Roberson*, No. 05-20-00342-CV, 2022 WL 224358, at *3 (Tex. App.—Dallas Jan. 26, 2022, no pet.) (mem. op.) (counsel's affidavit and billing records sufficient to support jury finding that $62,500 was a reasonable and necessary fee for the services provided); *see also Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 705 (Tex. App.—

Dallas 2019, no pet.) (applying factors and concluding evidence legally sufficient). Appellants have not shown the trial court abused its discretion by awarding the Association $17,870.00 in attorney's fees. We overrule appellants fourth, fifth, and sixth issues.

## CONCLUSION

Under this record, we conclude the trial court did not abuse its discretion by awarding the Association attorney's fees. Further, the evidence was legally sufficient to support the attorney's fees award of $17,870.00. Accordingly, we affirm the trial court's March 24, 2021, amended final judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210274F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MUHAMMAD ASIM SHAMIM
AND HAFSA ASIM, Appellants

No. 05-21-00274-CV          V.

CANTERA OWNERS
ASSOCIATION, INC., Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-06638-
2019.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.


In accordance with this Court's opinion of this date, the March 24, 2021, amended final judgment of the trial court is **AFFIRMED**.


It is **ORDERED** that appellee CANTERA OWNERS ASSOCIATION, INC. recover its costs of this appeal from appellants MUHAMMAD ASIM SHAMIM AND HAFSA ASIM.


Judgment entered this 27th day of September 2022.